PEOPLE v. GLASER.

(Supreme Court, Appellate Term.   April 9, 1912.)

ADULTERATION (§ 12*)—SALE OF ADULTERATED TURPENTINE—EVIDENCE—SUFFICIENCY.

Under Agricultural Law (Consol. Laws 1909, c. 1) § 7, providing that any person who shall display any adulterated product with other merchandise in his place of business shall be deemed to have the same in his possession for sale, and section 240, prohibiting the sale of adulterated spirits of turpentine unless the package containing the same shall be marked "adulterated spirits of turpentine," the testimony of inspectors of the agricultural department that they asked defendant at his store whether he sold a sample of turpentine, that he gave them samples drawn from a barrel marked "spirits of turpentine," and that the sam-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
134 N.Y.S.—39

ples obtained were adulterated, but unaccompanied by any proof that defendant had offered the turpentine for sale in the original barrel, did not justify a judgment against him.

[Ed. Note.—For other cases, see Adulteration, Cent. Dig. §§ 28–30; Dec. Dig. § 12.*]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Proceeding by the People of the state of New York against Samuel Glaser. From an adverse judgment of the Municipal Court, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Andrew F. Murray, for appellant.

Thomas Carmody, Atty. Gen. (Robert P. Beyer, of counsel), for the People.

LEHMAN, J. The plaintiff has recovered judgment against the defendant for a penalty for an alleged violation of section 240 of the Agricultural Law which provides that:

"No person, firm or corporation shall manufacture, mix for sale, sell or offer for sale, under the name of spirits of turpentine, any article which is not wholly distilled from rosin, turpentine, gum or scrape from pine trees, and unmixed and unadulterated with oil, benzine or any other substance of any kind whatever, unless the package containing the same shall be stenciled or marked with letters not less than two inches high 'adulterated spirits of turpentine.' "

It appears that inspectors of the agricultural department entered the defendant's store and asked him whether he sold turpentine. They then told him that they were state agents and asked him for a sample. He then gave them samples in bottles produced by the agents. The samples were drawn from a barrel marked on one end "spirits of turpentine," and the defendant showed the agents a bill for this turpentine dated five days before. The samples taken were unquestionably adulterated spirits of turpentine. Upon these facts the trial justice gave judgment for the plaintiff.

It seems to me that this judgment is erroneous. The plaintiff relies upon section 7 of the Agricultural Law, which provides that:

"Any person who shall keep, store or display any article or product the manufacture or sale of which is prohibited or regulated by the chapter with other merchandise or stock in his place of business shall be deemed to have the same in his possession for sale."

Unquestionably under this section it is a fair inference that the defendant had this turpentine for sale. If the sale or offer for sale were absolutely prohibited, then the plaintiff's case might be complete; but it was entirely lawful for defendant to sell or offer this turpentine for sale, provided the package in which it is sold is properly labeled. There is no claim that the defendant offered the turpentine for sale in the original barrel, and the fair inference is that he merely drew any turpentine which he offered for sale from the barrel into

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

some other package. The defendant did not sell or offer to sell the turpentine to the agents, and there is no evidence that he ever sold or offered to sell adulterated turpentine, except in properly marked bottles.

Judgment reversed, with costs, and complaint dismissed, with costs to appellant.

BIJUR, J., concurs. GUY, J., dissents.